**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SAMEER JAIN,
UPMA JAIN,

      *Plaintiffs,*

  vs.

RANDEL SOLUTIONS, LLC,
KULTURE KURRY, LLC,
KANSAS KURRY, LLC,
ROUSHAN KUMAR,
ANJUSHREE KUMAR,

      *Defendants.*

Case No. 2:21-CV-02126-EFM-GEB

**MEMORANDUM AND ORDER**

Plaintiffs Sameer Jain and Upma Jain filed suit against Defendants Randel Solutions, LLC, Kulture Kurry, LLC, Kansas Kurry, LLC, Roushan Kumar, and Dr. Anjushree Kumar alleging (1) a civil action under federal law for forced labor, (2) a civil action under Kansas law for human trafficking, (3) a civil action for violations of the Kansas minimum wage and maximum hours law ("KMWMHL"), (4) a civil action for violations of the Fair Labor Standards Act ("FLSA"), (5) breach of contract, (6) unjust enrichment, and (7) intentional infliction of emotional distress. Defendants filed a Motion to Dismiss for failure to state a claim under which relief may be granted (Doc. 18) regarding (1) the breach of contract claim against all Defendants other than Randel Solutions, LLC, and (2) all of the claims against Defendant Dr. Anjushree Kumar. For the reasons stated below, the Court grants in part and denies in part the motion.

## I.    Factual and Procedural Background[1]

Plaintiffs Sameer Jain and Upma Jain, a married couple (collectively the "Jains"), are Indian citizens who currently reside in Florida.  While living in New Delhi, India, the Jains met Defendants Roushan Kumar and Dr. Anjushree Kumar, a married couple (collectively the "Kumars").  The Jains and the Kumars spent considerable time together in New Delhi, during which, the Kumars created the impression that they were powerful and well-connected in India and the United States.  Around 2012, Roushan Kumar asked Sameer Jain for business advice regarding a company the Kumars owned, Randel Solutions, LLC.  At first, Jain helped Kumar form a subsidiary to Randel Solutions in India.  But in 2015, Kumar began recruiting Jain to move to Kansas and work as the Business Development Manager at Randel Solutions.  Sameer Jain then entered an employment contract with Randel Solutions.

In November 2017, Sameer Jain came to the United States, initially without Upma Jain or their minor son, on an H-1B Visa sponsored by Randel Solutions.  When Sameer Jain arrived, Roushan Kumar allegedly told him he was not allowed to legally work or be paid until he had a social security number.  Kumar insisted that Jain work at two of his restaurants—Kulture Kurry, LLC, and Kansas Kurry, LLC (the "Restaurants").  Jain was allegedly required to work 12 to 14 hours per day, a minimum of six days a week.  Though he was paid occasionally, the pay was below his promised salary and did not cover the hours or overtime he worked.  After Upma Jain's arrival in the United States in April 2018, Kumar also pressured her to work at Kulture Kurry.  She then worked at the restaurant the same long hours as Sameer Jain.

---

[1] The facts come from Plaintiffs' Amended Complaint.  The Court accepts them as true and views them in the light most favorable to Plaintiffs for the purposes of this ruling.

Throughout this time, Dr. Anjushree Kumar worked in other states but maintained her primary residence in Kansas.  She frequently spent time in Kansas to be with her family and manage her business affairs.  She had an ownership interest in Randel Solutions, but not in the Restaurants.  However, Dr. Kumar allegedly was an active manager of all three businesses and visited them frequently during her regular travel to Kansas.

During these visits, Dr. Anjushree Kumar made sure the workers knew she had authority over them and the businesses.  She allegedly threatened the Jains with termination of their employment, revocation of Sameer Jains' work visa, detention and deportation by U.S. Immigration and Customs Enforcement ("ICE"), and incarceration by Homeland Security.  She also allegedly threatened separation from their son and would show the Jains news stories about minors held in cage-like cells and separated from their parents in ICE detention.  With her husband, Dr. Kumar convinced the Jains that they could cause physical danger to the Jains and their son in the United States, to their extended family still living in India, or to their family if they were deported back to India.  Additionally, Dr. Kumar was aware of Roushan Kumar's actions, including having the Jains use personal funds to pay for Restaurant expenses and employee salaries.  The Jains also allege that because of the long hours, hard physical labor, and physical threats their physical and mental health deteriorated.

In early 2019, Roushan Kumar informed the Jains that he had plans to sell Kulture Kurry and that they must find new employment and pay him $1,500 a month to maintain their visa status. Sameer Jain then convinced the Kumars that he and Upma Jain needed to move to Florida to start new jobs to make the payments.  The Jains subsequently moved.  Once in Florida, the Jains reported Kulture Kurry to the United States Department of Labor, which found Kulture Kurry and Randel Solutions liable for FLSA violations.

In March of 2021, the Jains filed suit in this Court.  The Amended Complaint asserts seven claims.  Count I is a civil action under federal law for forced labor.  Count II is a civil action under Kansas law for victims of human trafficking.  Count III is a civil action for violations of the KMWMHL.  Count IV is for violations of the FLSA.  Count V is for breach of contract.  Count VI is for unjust enrichment.  And Count VII is for intentional infliction of emotional distress. Defendants then jointly filed a Motion to Dismiss.  This matter is fully briefed, and the Court now rules as follows.

## II.     Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[2]  The Court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[3]  A claim is facially plausible if the plaintiff pleads facts sufficient for the Court to reasonably infer that the defendant is liable for the alleged misconduct.[4]  While the Rule requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it "does not require 'detailed factual allegations.' "[5]

In determining whether a claim is facially plausible, the Court must accept as true all factual allegations in the complaint but need not afford such a presumption to legal conclusions.[6]

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[5] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[6] *Id.* at 678–79.

Generally, the Court is constrained by the allegations in the complaint when considering a motion to dismiss.  However, "a document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute."[7]

### III.    Analysis

Defendants argue that Plaintiffs fail to state a claim for breach of contract as to all parties other than Sameer Jain and Randel Solutions.  Defendants also argue that Plaintiffs' allegations do not state a plausible claim for any of the Counts against Dr. Kumar.

### A.    Count V Breach of Contract

Defendants argue that Count V should be dismissed as brought by Plaintiff Upma Jain and against Defendants the Restaurants and the Kumars because there is no privity of contract.  "Privity of contract is that connection or relationship which exists between two or more contracting parties. It is essential to the maintenance of any action on any contract that there should subsist a privity between the plaintiff and defendant in respect of the matter sued on."[8]  The only parties to the employment contract are Sameer Jain and Randel Solutions.

In response, Plaintiffs argue that Upma Jain is not bringing the claim and that the claim is not brought against the Restaurants.  Plaintiffs concede that the Kumars did not sign the contract as individuals, but ask the Court leave to amend to remove the Kumars from Count V.

---

[7] *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253–54 (10th Cir. 2005) (citation omitted).

[8] *State ex rel. Stovall v. Reliance Ins. Co.*, 278 Kan. 777, 107 P.3d 1219, 1230 (2005) (quoting *Pro. Lens Plan, Inc. v. Polaris Leasing Corp.*, 234 Kan. 742, 675 P.2d 887, 891 (1984)).

### 1.    *Defining the Parties to Count V*

In determining the parties to an action, courts generally look to the pleader's statement of the claim.[9]  Here, the heading of Count V specifies that the breach of contract claim is being brought by Sameer Jain against the Kumars and Randel Solutions.  The paragraphs under the Count V heading do not reference Upma Jain.  Because she is neither listed as a party in the heading nor included in the specific allegations under the claim, the Court concludes that Upma Jain is not a party to Count V.

As to the Restaurants, the Court notes that there is a discrepancy between the Count V heading and the allegations listed therein.  In the Amended Complaint's opening paragraph, Plaintiffs define the word "Defendants" as referencing "all defendants collectively."  This indicates that "Defendants" includes the Restaurants.  The term "Defendants" appears in paragraphs 58 through 64 under the Count V heading.  This suggests that the allegations are against the Restaurants as well as the Kumars and Randel Solutions, as indicated in Count V's heading.  Plaintiffs, however, explain in their response to Defendants' motion that Count V is only against the Kumars and Randel Solutions.  Therefore, the Court concludes that the parties to Count V are Sameer Jain, the Kumars, and Randel Solutions.

### 2.    *The Kumars as Parties to Count V*

Plaintiffs concede that the Kumars are not parties to the contract as individuals, but request leave to amend their Amended Complaint and remove the Kumars from Count V.  Defendants argue that Count V against the Kumars should be dismissed because the allegations were not properly pleaded under Fed. R. Civ. P. 11(b)(3).  Rule 11 provides that, by signing a pleading, an

---

[9] *See* 5A Fed. Prac. & Proc. Civ. § 1321 (4th ed.).

attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [that] the factual contentions have evidentiary support or, *if specifically so identified*, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.[10]

Defendants cite two cases to support their argument that failure to cure a Rule 11(b)(3) deficiency with the Amended Complaint should result in dismissal with prejudice.[11]  However, both involved numerous Rule 11 violations during heavily litigated cases, and therefore are not applicable here.

Fed. R. Civ. P. 15(a)(2) provides that leave to amend should be freely given "when justice so requires," and thus

district courts may withhold leave to amend only for reasons such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment."[12]

"The decision whether to grant leave to amend is within the discretion of the district court."[13] Generally, the courts find that amendments during the early stages of litigation do not cause undue delay or prejudice.[14]

---

[10] Fed. R. Civ. P. 11(b)(3) (emphasis added).

[11] *Med. Supply Chain, Inc. v. Neoforma, Inc.*, 419 F. Supp. 2d 1316, 1326–34 (D. Kan. 2006) (granting a motion to dismiss for failure to state a claim on other grounds and finding sanctions were warranted because of numerous Rule 11 violations during multiple cases concerning the same dispute); *McDonald v. Ritchie*, 2006 WL 435999, at *6–15 (D. Kan. 2006) (granting summary judgment on other grounds and finding sanctions were warranted because of Rule 11(b) violations in bringing a counterclaim based on a dispute related to a previously settled case).

[12] *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[13] *Ferluga v. Eickhoff*, 236 F.R.D. 546, 550 (D. Kan. 2006) (citing *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001)).

[14] *E.g. Mochama v. Zwetow*, 2015 WL 3449812, at *1 (D. Kan. 2015) (granting leave for a third amended complaint in part because the case was still in the early stages of litigation).

The allegations against the Kumars in Count V of the Amended Complaint are not specifically identified as likely to have evidentiary support.  In their response, Plaintiffs concede that they do not currently have evidentiary support that the Kumars should be personally liable for Randel Solution's alleged breach of contract.  While Plaintiffs failed to cure this deficiency with the Amended Complaint, this case is still in the early stages of litigation.  Thus, the Court finds that little prejudice or delay will occur if Plaintiffs amend their Amended Complaint to remove the Kumars from Count V.  Thus, the Court gives Plantiffs leave to file a Second Amended Complaint removing the Kumars from Count V no later than August 12, 2021.

**B.      The Remaining Counts Against Dr. Anjushree Kumar**

Defendants argue the facts pleaded do not support any cause of action against Dr. Anjushree Kumar because she has no individual liability for actions of the businesses and any other allegations are too general.[15]  Plaintiffs argue that Defendants have not met their burden of showing that the counts against Dr. Kumar were not sufficiently pleaded and that Counts I, II, III, IV, VI, and VII were sufficiently pleaded against Dr. Kumar.

*1.      Counts I and II against Dr. Kumar*

Defendants argue that Count I, a civil action under federal law for forced labor, and Count II, a civil action under Kansas law for victims of human trafficking, should be dismissed against Dr. Kumar because the Amended Complaint uses generic terms.  Defendants argue that the

---

[15] In addition to dismissal of all counts against Dr. Kumar, Defendants also ask the Court to award Dr. Kumar her costs and fees for this motion.  But they make no argument and cite no authority.  Therefore, the issue is not discussed, and the Court does not award Dr. Kumar costs and fees.

language in 18 U.S.C. § 1589(a) and K.S.A. § 21-5426(a) is general and when statutory language

is general a pleading "must descend to particulars."[16]

While plaintiffs cannot rely on conclusory allegations,[17] the Court is not convinced that

Plaintiffs are required to plead the detailed factual allegations Defendants would require.  The case

Defendants cite for support, *United States v. Peterson*,[18] discusses the requirements for an

indictment under the Federal Rules of Criminal Procedure.[19]  The instant case, however, falls under

the Federal Rules of Civil Procedure.  Under these Rules, "Rule 8 announces the pleading standard

for all cases except those governed by either Rule 9(b) or a heightened pleading requirement in a

federal statute."[20]

18 U.S.C. § 1595 and K.S.A. § 60-5003, the statutory sections creating the civil actions in

this case, do not include language indicating a heightened pleading standard.[21]  Additionally, the

courts have not used a heightened pleading standard for civil actions brought under 18 U.S.C.

---

[16] *United States v. Peterson*, 544 F. Supp. 2d 1363, 1374 (M.D. Ga. 2008) (quoting *Russell v. United States*, 369 U.S. 749, 765 (1962)).

[17] *See Hall v. Bellmon*, 935 F.2d 1106, 1113 (10th Cir. 1991).

[18] 544 F. Supp. 2d 1363.

[19] *Id.* at 1369.

[20] 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed.); *see Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 167–69 (1993) (striking down a heightened pleading standard in civil rights cases alleging municipal liability under 42 U.S.C. § 1983); *see Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512–15 (2002) (striking down a special pleading rule which was applied in some employment discrimination cases).

[21] *See* 18 U.S.C. § 1595(a) ("An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator . . . ."); *see* K.S.A. § 60-5003(a) ("A victim of the conduct of another that would constitute conduct prohibited by K.S.A. 21-5426 . . . may bring an action in an appropriate state court against the person or persons who engaged in such conduct if the victim suffered personal or psychological injury as a result of the conduct. Such victim may seek actual damages, exemplary or punitive damages, injunctive relief and any other appropriate relief.").

§ 1589.[22]   Therefore, the Court concludes that Counts I and II are not subject to a heightened

pleading standard and applies the plausibility standard as laid out above.

Both the federal and the state statute in question concern labor obtained through various

coercive methods.  18 U.S.C. § 1595 creates a civil remedy for violations of 18 U.S.C. § 1589.  18

U.S.C. § 1589(a) provides that:

> (a) Whoever knowingly provides or obtains the labor or services of a person by any
> one of, or by any combination of, the following means–
>> (1) by means of force, threats of force, physical restraint, or threats of physical
>> restraint to that person or another person;
>> (2) by means of serious harm or threats of serious harm to that person or another
>> person;
>> (3) by means of the abuse or threatened abuse of law or legal process; or
>> (4) by means of any scheme, plan, or pattern intended to cause the person to
>> believe that, if that person did not perform such labor or services, that person
>> or another person would suffer serious harm or physical restraint . . . .

K.S.A § 60-5003 creates a civil remedy for violations of K.S.A. § 21-5426.  And K.S.A.

§ 21-5426(a) provides that:

> (a) Human trafficking is:
>> . . .
>> (3) knowingly coercing employment by obtaining or maintaining labor or
>> services that are performed or provided by another person through any of
>> the following:
>> (A) Causing or threatening to cause physical injury to any person;
>> . . .
>> (C) abusing or threatening to abuse the law or legal process; . . . .

Although there is no case law or legislative history on point, the statutory language of both

provisions is essentially the same in pertinent part and neither party argues that they should be

interpreted or applied differently in this case.

---

[22] *E.g., Bistline v. Parker*, 918 F.3d 849, 875–76 (10th Cir. 2019) (applying the plausibility standard to a civil
claim for violations of 18 U.S.C. § 1589 in a Rule 12(b)(6) motion).

According to the Amended Complaint, Dr. Kumar obtained labor for the businesses she actively managed from Plaintiffs by (1) threatening employment termination and work visa revocation; (2) threatening to report them to ICE, which would detain them, separate them, and possibly deport them; and (3) convincing them she could cause them serious physical harm if they returned to India through her connections there. These facts indicate that Dr. Kumar used threats of serious harm, abuse of a legal process, and a pattern intended to cause Plaintiffs to believe they would suffer serious harm.

The present factual allegations further distinguish this case from *Peterson*, the case Defendants cite, where the indictment simply stated that the labor during the relevant time was obtained "by means of the abuse or threatened abuse of law or the legal process . . . ."[23]   Although Plaintiffs have not pleaded specific dates and times of the threats, the facts alleged go beyond this generic language.  Because the facts pleaded are sufficient to support the elements for a civil action under 18 U.S.C. § 1589 and under K.S.A. § 21-5426, Plaintiffs have stated facially plausible claims.  Therefore, the Court denies Defendants' Motion to Dismiss Counts I and II against Dr. Kumar.

*2.      Counts IV and III against Dr. Kumar*

Defendants argue that Count IV, a claim for violations of the FLSA, and Count III, a civil action for violations of the KMWMHL, should be dismissed against Dr. Kumar because she was not Plaintiffs' employer.  Alternatively, Defendants argue that Plaintiffs cannot maintain both counts at once.  Although Plaintiffs have not alleged that they were personally employed by Dr. Kumar, that is not required for Dr. Kumar to be considered an "employer" under the statutes.

---

[23] *Peterson*, 544 F. Supp. 2d at 1375.

Under the FLSA, an " '[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."[24]  Dr. Kumar allegedly played an active role in managing the businesses.  Her alleged management included asserting authority over Plaintiffs and ensuring their hard work through threats of termination, work visa revocation, and calls to ICE and Homeland Security.  These facts show that Dr. Kumar acted directly or indirectly in the interest of the employer, the businesses, in relation to the employees.  Because the facts pleaded are sufficient to support that Dr. Kumar was an "employer," Plaintiffs have stated a facially plausible claim under FLSA.  Therefore, the Court denies Defendants' Motion to Dismiss Count IV against Dr. Kumar.

The KMWMHL uses nearly identical language to define "employer," but explicitly excludes from its definition of "employer" any employer who is subject to the provisions of the FLSA.[25]  Thus, courts have generally found that claims cannot be brought under both the FLSA and the KMWMHL.[26]  Here, Plaintiffs have specifically alleged that Defendants, including Dr. Kumar, are "employers" under 29 U.S.C. § 203(d).  While a KMWMHL claim could be pleaded as an alternative to a FLSA claim,[27] the plain language of the KMHWMHL prohibits claims against FLSA-covered employers.  Because Plaintiffs allege that Dr. Kumar is an FLSA-covered

---

[24] 29 U.S.C. § 203(d).

[25] K.S.A. § 44-1202(d) (stating that " 'employer' . . . shall not include any employer who is subject to the provisions of the fair labor standards act of 1938 (29 U.S.C.A. § 201 *et seq.*) and any other acts amendatory thereof or supplemental thereto").

[26] *E.g. Brown v. Ford Storage & Moving Co.*, 43 Kan. Ct. App. 2d 304, 224 P.3d 593, 598–99 (2010); *see also McGowan v. Genesis Health Clubs Mgmt., Inc.*, 2018 WL 572052, at *3 (D. Kan. 2018) (citing multiple cases dismissing KMWMHL and Kansas Wage Payment Act claims because the claims were legally impossible because they were covered by the FLSA).

[27] *See McGowan*, 2018 WL 572052, at *3 n.2.

employer, Plaintiffs' allegations bring their claims outside the reach of the KMWHML.  Therefore, the Court grants Defendants' Motion to Dismiss Count III against Dr. Kumar.

       3.       *Count VI for Unjust Enrichment against Dr. Kumar*

Defendants argue that Count VI for unjust enrichment against Dr. Kumar should be dismissed because the facts pleaded do not show that Dr. Kumar had knowledge of the benefit.  To establish a claim for unjust enrichment, a plaintiff must show, in part, that the defendant appreciated and had knowledge of the benefit.[28]  On a motion to dismiss for failure to state a claim "all reasonable inferences that can be drawn from the pleading are drawn in favor of the pleader."[29]

Dr. Kumar was allegedly aware of the Jains' employment and immigration situation.  In addition, the Amended Complaint includes facts from which Dr. Kumar's knowledge can be reasonably inferred.  Despite working in other states, Dr. Kumar's primary residence was in Kansas.  During her regular travel to Kansas, she made frequent visits to the businesses.  She also played an active role in the management of the businesses.  From these facts, the Court can reasonably infer that Dr. Kumar had knowledge of how the businesses were running, including the benefit of unpaid work and out-of-pocket expenses incurred by Plaintiffs.  Therefore, the Court concludes Plaintiffs have met the minimum pleading requirement for a claim of unjust enrichment.  Consequently, the Court denies the Defendants' Motion to Dismiss Count VI against Dr. Kumar.

       4.       *Count VII for Intentional Infliction of Emotional Distress against Dr. Kumar*

Defendants argue that Count VII for intentional infliction of emotional distress requires the defendant's conduct to be outrageous and that the allegations against Dr. Kumar are not specific

---

[28] *Univ. of Kan. Hosp. Auth. v. Bd. of Comm'rs of Cnty. of Wabaunsee*, 299 Kan. 942, 327 P.3d 430, 441 (2014) (listing appreciation and knowledge of the benefit as one of the three elements of unjust enrichment).

[29] 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed.); *see also Twombly*, 550 U.S. 544, 555–56 (2007).

enough to be considered outrageous.  To prevail on a claim of intentional infliction of emotional

distress the plaintiff must prove, in part, that the defendant's conduct was extreme and

outrageous.[30]  Conduct is outrageous when it goes "beyond the bounds of decency" and would be

"regarded as atrocious and utterly intolerable in a civilized society."[31]  A relative position of

authority, actual or apparent, is a significant factor in determining whether liability should be

imposed. [32]  And while a hostile work environment alone does not require a finding of outrageous

conduct, repeated conduct and threats of physical harm or abusive language are also factors in

determining outrageousness.[33]

Plaintiffs pleaded facts that indicate relative position of authority and threats of physical

harm.  Dr. Kumar allegedly played an active role in the management of all the businesses during

her regular travel to her home in Kansas.  She allegedly used this position of authority, real or

apparent, and her perceived status to coerce Plaintiffs into working long hours resulting in physical

and psychological injuries.  Although there are no facts pleaded that she threatened to inflict

physical harm herself, the Amended Complaint alleges that she and Roushan Kumar convinced

Plaintiffs they could put Plaintiffs in physical danger in the United States or in India.  Additionally,

she allegedly threatened Sameer Jain regularly with immigration trouble, including, but not limited

---

[30] *Hoard v. Shawnee Mission Med. Ctr.*, 233 Kan. 267, 662 P.2d 1214, 1223 (1983) (citing Roberts v. Saylor, 230 Kan. 289, 637 P.2d 1175, 1179 (1981) (listing extreme and outrageous conduct as one of the four elements of intentional infliction of emotional distress).

[31] *Roberts*, 637 P.2d at 1179.

[32] *Gomez v. Hug*, 7 Kan. Ct. App. 2d 603, 645 P.2d 916, 922 (1982) (citing Restatement (Second) of Torts, § 46 cmt. e).

[33] *Gillum v. Fed. Home Loan Bank*, 970 F. Supp. 843, 854 (D. Kan. 1997) (noting that cases survived summary judgment in Kansas when they involved physical threats or abusive language and the conduct was repeated numerous times).

to detention by ICE, separation from his wife and son, and deportation.  These threats included

showing both Plaintiffs news stories about minors held in cage-like cells and separated from their

parents in ICE detention.  These facts show Dr. Kumar held a relative position of authority over

Plaintiffs and made repeated threats to cause physical harm to them and their minor son.  Because

the facts pleaded are sufficient to support outrageous conduct, Plaintiffs have stated a facially

plausible claim for intentional infliction of emotional distress.  Therefore, the Court denies the

motion to dismiss Count VII against Dr. Kumar.

## IV.    Conclusion

The Court grants Plaintiffs leave to file a Second Amended Complaint removing the

Kumars from Count V no later than August 12, 2021.  The Court denies Defendants' Motion to

Dismiss Counts I and II against Dr. Kumar because Plaintiffs have met the applicable plausibility

standard.  The Court denies Defendants' Motion to Dismiss Count IV against Dr. Kumar because

the facts pleaded support her being an "employer" under the FLSA.  However, the Court grants

Defendants' Motion to Dismiss Count III against Dr. Kumar because Plaintiffs' Count IV

allegations bring their claims outside the reach of the KMWHML.  The Court denies Defendants'

Motion to Dismiss Counts VI and VII against Dr. Kumar because Plaintiffs pleaded sufficient facts

to support claims of unjust enrichment and intentional infliction of emotional distress.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 18) is

**GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

Dated this 29th day of July, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE